IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
MAGISTRATE JUDGE MICHAEL J. WATANABE

**Civil Action No. 07-cv-00389-MJW-BNB**

ERNA GANSER,

Plaintiff(s),

v.

ROBERT GANSER,

Defendant(s).

MINUTE ORDER

    It is hereby ORDERED that Plaintiff's Motion to Designate the Use of Preserved Testimony of Expert Witnesses at Trial Pursuant to F.R.C.P. [sic] 32 (A)(4)(B) (docket no. 39) is GRANTED. The parties may take the preservation depositions of: (1) Dr. Laid Swensen, who practices in Murray, Utah; (2) Dr. David Heiner, who practices in Price, Utah; and (3) Dr. James K. Weaver, who practices in Grand Junction, Colorado since this court takes judicial notice under Fed. R. Evid. 201, that each of these doctors reside more than 100 miles from Denver, Colorado. Plaintiff may take the preservation depositions of her expert witnesses Dr. Laid Swensen and Dr. David Heiner. Defendant may take the preservation deposition of his retained IME expert witness Dr. James K. Weaver. The parties shall meet and confer forthwith to set such preservation depositions. These three preservation depositions shall be completed by July 31, 2008. Any evidentiary objections to any portions of such preservation depositions shall be filed in writing with the court along with a copy of such deposition transcript on or before August 15, 2008.

    It is FURTHER ORDERED that Plaintiff's Motion to Designate Dr. James K. Weaver as an Expert for the Plaintiff (docket no. 38) is DENIED. Plaintiff is requesting that she be permitted to designate Defendant's retained IME expert, Dr. James K. Weaver as her expert witness. That such request is denied because: (1) Plaintiff has failed to establish "exceptional circumstances" pursuant to <u>Lehan v. Ambassador Programs, Inc.</u>, 190 F.R.D. 670, 674 (E.D. Wash. 2000)(applying "exceptional circumstances" standard to preclude plaintiff's use of defendant's expert psychologist retained to perform a Rule 35 Examination on plaintiff), and (2) Plaintiff has failed to show a need to justify the use of a defense expert witness in plaintiff's case-in-chief under the "balancing test" noting that Plaintiff has endorsed as one of her expert witnesses, Dr. David Heiner, who will be available to provide preservation testimony or if he agrees, to provide live testimony at trial. Dr. Heiner's testimony is very similar to what is proffered as Dr. Swensen's testimony and therefore Plaintiff has failed to

establish particularized need.  *See* exhibit 1 attached to response (docket no. 44).

Date: May 5, 2008