IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00389-MJW-BNB

ERNA GANSER,

    Plaintiff,

v.

ROBERT GANSER,

    Defendant.

**ORDER REGARDING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Docket No. 29)**

**MICHAEL J. WATANABE
United States Magistrate Judge**

    This case is before this Court pursuant to the Order of Reference Pursuant to 28 U.S.C. § 636(c) filed on June 19, 2007, and the parties' unanimous consent to disposition of this action by a United States Magistrate Judge.

**I. BACKGROUND**

    Plaintiff is the mother of Defendant. Plaintiff, who lives in Utah, was visiting Defendant at his home in Colorado. Plaintiff regularly visited Defendant at his house and brought her dog, a poodle, with her. Defendant also owns a dog, a Great Dane. The two dogs did not get along well and, as a result, were kept separated when Plaintiff visited Defendant. Plaintiff's dog was kept either in the house or the front yard and Defendant's dog was kept in the back yard.

    On February 25, 2005, the family was in the back yard with Defendant's dog, and

Plaintiff's dog was in the house. Defendant went into the house at some point. When Defendant returned to the back yard, Plaintiff's dog also left the house through the door opened by Defendant. Plaintiff's dog jumped into Plaintiff's arms, and Defendant's dog approached. Plaintiff put her hand out to push Defendant's dog away, and Defendant's dog bit Plaintiff in the hand.

Plaintiff asserts one claim of negligence against Defendant. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## II. PENDING MOTION

On January 21, 2008, Defendant filed a Motion for Summary Judgment. On February 8, 2008, Plaintiff filed her response to the Motion for Summary Judgment. On February 22, 2008, Defendant filed a reply. The Court has considered carefully the Motion for Summary Judgment, the response, the reply, applicable caselaw, and the Federal Rules of Civil Procedure. The Court now being fully informed makes the following findings of fact, conclusions of law, and order.

## III. STANDARD OF REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "A party seeking summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, interrogatories, and admissions on file together with affidavits, if any, which it believes demonstrate the absence of

genuine issues for trial."  Robertson v. Board of County Comm'rs of the County of Morgan, 78 F. Supp.2d 1142, 1146 (D. Colo. 1999) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Mares v. ConAgra Poultry Co., 971 F.2d 492, 494 (10th Cir. 1992)).  "Once a properly supported summary judgment motion is made, the opposing party may not rest on the allegations contained in his complaint, but must respond with specific facts showing the existence of a genuine factual issue to be tried."  Id. (citing Otteson v. United States, 622 F.2d 516, 519 (10th Cir. 1980); Fed. R. Civ. P. 56(e)).  "The operative inquiry is whether, based on all documents submitted, reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict. . . . [S]ummary judgment should not enter if, viewing the evidence in a light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor, a reasonable jury could return a verdict for that party."  Id. at 1146-47 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 & 252 (1986); Mares, 971 F.2d at 494).  "Unsupported allegations without 'any significant probative evidence tending to support the complaint' are insufficient . . . as are conclusory assertions that factual disputes exist."  Id. at 1147 (quoting White v. York Int'l Corp., 45 F.3d 357, 360 (10th Cir. 1995)).  Finally, "[a] federal court sitting in diversity applies the substantive law . . . of the forum state."  Barrett v. Tallon, 30 F.3d 1296, 1300 (10th Cir. 1994).

## IV.  DISCUSSION

Defendant argues that Plaintiff's negligence claim may be asserted only pursuant to the Colorado premises liability statute, see Colo. Rev. Stat. § 13-21-115, and that Plaintiff's claim under that statute lacks merit.  Plaintiff argues that she has pled sufficient facts to support a claim under Colorado's dog bite statute, see Colo. Rev. Stat.

§ 13-21-124, the premises liability statute, and/or common law negligence.

The Colorado premises liability statute provides:

> In any civil action brought against a landowner by a person who alleges injury occurring while on the real property of another and by reason of the condition of such property, or activities conducted or circumstances existing on such property, the landowner shall be liable only as provided in subsection (3) of this section.

Colo. Rev. Stat. § 13-21-115(2). It is undisputed that Defendant owned the property on which Plaintiff was injured. Furthermore, a dog biting a person is "either an 'activity conducted' or a 'circumstance existing'" on Defendant's property. Paris ex rel. Paris v. Dance, — P.3d —, 2008 WL 451751 at *5 (Colo. Ct. App. Feb. 21, 2008). Therefore, because the Colorado premises liability statute establishes "a comprehensive and exclusive specification of the duties landowners owe to those injured on their property," Vigil v. Franklin, 103 P.3d 322, 328 (Colo. 2004), Plaintiff cannot recover on a theory of common law negligence in this action. See Paris, 2008 WL 451751 at *5.

The next question is whether Colorado's dog bite statute has any applicability in this action. That statute provides:

> A person or a personal representative of a person who suffers serious bodily injury or death from being bitten by a dog while lawfully on public or private property shall be entitled to bring a civil action to recover economic damages against the dog owner regardless of the viciousness or dangerous propensities of the dog or the dog owner's knowledge or lack of knowledge of the dog's viciousness or dangerous propensities.

Colo. Rev. Stat. § 13-21-124(2). Plaintiff contends that she may assert a claim under the dog bite statute without regard to the premises liability statute. Defendant argues that Plaintiff did not request relief under the dog bite statute in her complaint, that the

4

dog bite statute is only an enacting statute that does not define any duties or proscribe any specific conduct, and that Plaintiff's sole remedy for her negligence claim is pursuant to the premises liability statute as discussed above. Defendant also argues that, even if the dog bite statute is applicable, he has a complete defense to any claim under that statute based on the defenses provided in the statute itself.

The parties have not cited, and the Court has not found, any Colorado case addressing the applicability of the Colorado premises liability statute under circumstances when Colorado's dog bite statute also may be applicable. Although the facts in <u>Paris</u> involved a dog bite on the dog owner defendant's property, the court did not address Colorado's dog bite statute because the incident occurred prior to the effective date of the dog bite statute. See <u>Paris</u>, 2008 WL 451751 at *5.

Assuming the dog bite statute is applicable in this action, the Court finds that Plaintiff cannot recover under that statute. Colorado's dog bite statute provides:

> (5) A dog owner shall not be liable to a person who suffers bodily injury, serious bodily injury, or death from being bitten by the dog:
>
> . . .
>
> (b) While the person is on property of the dog owner and the property is clearly and conspicuously marked with one or more posted signs stating "no trespassing" or "beware of dog."

Colo. Rev. Stat. § 13-21-124(5)(b). The parties dispute whether Defendant had posted a "beware of dog" sign on his property. However, it is undisputed that Plaintiff had actual knowledge that Defendant owned a dog and that Defendant's dog was present on Defendant's property. Under these circumstances, the purpose of posting a warning

5

sign was met and provides a complete defense to Plaintiff's claim under the dog bite statute. It would defy logic to deny Plaintiff recovery if a warning sign was posted but to allow recovery in the absence of a sign even though Plaintiff had actual knowledge that Defendant's dog was present. The Court's primary duty in construing a statute is to give effect to the intent of the state legislature. See Vigil, 103 P.3d at 327. The Court agrees with Defendant that the Colorado legislature intended to bar recovery under the dog bite statute if the person bitten by the dog adequately was warned of the presence of the dog. Because it is undisputed that Plaintiff had actual knowledge of the presence of Defendant's dog, the Court finds that Defendant is entitled to summary judgment on Plaintiff's claim asserted pursuant to Colorado's dog bite statute.

The only remaining issue is whether there is a genuine issue of material fact regarding Plaintiff's claim under Colorado's premises liability statute. The parties agree that Plaintiff, as a social guest, was a licensee on Defendant's property as that term is defined in the premises liability statute. See Colo. Rev. Stat. § 13-21-115(5)(b). The premises liability statute provides that:

> A licensee may recover only for damages caused:
>
> (I) By the landowner's unreasonable failure to exercise reasonable care with respect to dangers created by the landowner of which the landowner actually knew; or
>
> (II) By the landowner's unreasonable failure to warn of dangers not created by the landowner which are not ordinarily present on property of the type involved and of which the landowner actually knew.

Colo. Rev. Stat. § 13-21-115(3)(b). Thus, under the premises liability statute, "a landowner owes a licensee the duty to exercise reasonable care regarding known

dangers created by the landowner and to warn of known dangers not created by the landowner that are not ordinarily present on the particular type of property involved." Vigil, 103 P.3d at 328.

The key to a landowner's liability to a licensee under the premises liability statute is actual knowledge of the danger presented.  In the instant action, the danger that caused Plaintiff's injury was Defendant's dog.  However, Plaintiff fails to present any evidence to suggest that Defendant had actual knowledge that his dog presented any danger to a person.  It is undisputed that Defendant's dog did not get along well with Plaintiff's dog, but Plaintiff's claim is not based on any injury to her dog.  Instead, Plaintiff's negligence claim is based on the injuries she suffered after being bitten by Defendant's dog.  Under these circumstances, it is not enough that Defendant had actual knowledge that his dog posed a danger to Plaintiff's dog, or any other dog, because there is no evidence that Defendant had actual knowledge that his dog posed a danger to any person.  Therefore, Defendant also is entitled to summary judgment on Plaintiff's negligence claim under Colorado's premises liability statute.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment (Docket No. 29) is granted.  The Clerk shall enter judgment in favor of defendant and against plaintiff, dismissing the Complaint and this action with prejudice.  Defendant may have his costs to be taxed by the Clerk of the Court pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.  It is further

**ORDERED** that the Unopposed Motion to Extend the Time for Taking Preservation Testimony and Filing Evidentiary Objections (Docket No. 50) is denied as

moot.  It is further

**ORDERED** that the Settlement Conference set before Magistrate Judge Boland on September 17, 2008, at 1:30; the Trial Preparation Conference set before the undersigned on November 7, 2008, at 10:30 a.m.; and the jury trial set before the undersigned on December 1, 2008, at 8:30 a.m. are vacated.


Dated: August 21, 2008                     s/ Michael J. Watanabe
      Denver, Colorado                    Michael J. Watanabe
                                                       United States Magistrate Judge